JOSEPH ULLMANN BROKERAGE CORP. *v.* UNITED STATES (No. 4774)[1]

United States Court of Customs and Patent Appeals, April 9, 1954

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for appellant.
*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon* and *Dorothy C. Bennett*, special attorneys, of counsel), for the United States.

[Oral argument December 8, 1953, by Mr. McKenna and Mrs. Bennett]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges

WORLEY, Judge, delivered the opinion of the court:

[1] C. A. D. 560

This is an appeal from the judgment of the United States Custom Court, Third Division, rendered pursuant to its decision, C. D. 1478.

The facts are not in dispute. They involve two importations of fox fur skins exported from Canada and entered, under the provisions of the Tariff Act of 1930, at the port of New York in January and February 1945.

Both entries were made in the name of a customhouse broker, one W. J. Byrnes and Company of New York, Inc., at which time that company declared it was acting as agent for the actual owner of the goods, the Joseph Ullmann Brokerage Corporation, also of New York, N. Y. On March 15, 1945, owner's declarations, executed by the Ullmann firm on February 15, 1945, were filed by the Byrnes Company with the collector in accordance with the provisions of section 485 (d) of the Tariff Act of 1930.[1] In those declarations the Ullmann Corporation confirmed the agency relationship, acknowledged ownership of the goods and assumed liability for all additional duties which might accrue.

The furs covered by the first entry were withdrawn from warehouse on March 5 and 10, 1945. That entry bears the notation "Liquidated September 30, 1946." The notice of liquidation was posted in the name of the Byrnes Company but was never posted in the name of the Ullmann Corporation. No protest was filed.

The merchandise involved in the second entry, entered in February 1945, was withdrawn from warehouse in March 1945. That notice of liquidation was likewise posted in the name of the Byrnes Company. The entry bears the notation "Liquidated April 18, 1945." No protest against that liquidation was filed.

Approximately four years later, in February 1949, counsel for appellant requested the collector to repost the entries of both importations in the name of the owner for liquidation purposes, stating that timely ownership declarations had been filed in connection therewith. Apparently as a result of such request, the collector in March 1949 attempted to cancel the first posting. However, in July of that year he sought to void that action by drawing a line through the previous posting, inserting the word "Void" at the end, and adding parenthetically "orig Liq stands—orig posting is correct." The latter action was based on advice from the Commissioner of Customs that

The posting of a liquidation under the name of an importer of record constitutes a completely adequate notice to an owner whose declaration on customs Form 3347 has been filed in accordance with the provisions of section 485 (d) since the

[1] Sec. 485. Declaration.

\* \* \* \* \* \* \*

(d) A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee.

owner in executing customs Form 3347 is apprized of the entry number and the name of the importer of record by and through whom such declaration is filed.

Against the collector's refusal to repost as requested, the Ullmann Corporation initiated action on the theory that the notices of liquidation were not posted in accordance with the applicable law and regulations. More specifically, appellant urged that since owner's declarations had been filed as provided for by section 485 (d), *supra*, it was entitled to a posting in its own name and that the collector's failure to so post constituted a non-compliance with section 505 of the Tariff Act of 1930,[2] as well as section 16.2 of the Customs Regulations of 1943.[3]

The record shows that it was the practice of the collector at New York to notify the ultimate consignee and to list his name on the bulletin board only when there was an *increase* or a *refund* of the duties upon liquidation, but that where the entries were liquidated "no change," such as here, the collector listed only the importer of record on the notices. Although the entries here were liquidated "no change" it appears that the duties assessed against one entry were overestimated by $27.30. The Government issued a reimbursement check payable to the Ullmann Corporation itself in that amount.

The trial court held that the notices were valid; that section 485 (d), *supra*, was not applicable; and accordingly dismissed the protests in conformity with the provisions of section 514 of the Tariff Act of 1930.[4]

---

[2] Sec. 505. Payment of Duties.

The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond, the amount of duty estimated to be payable thereon. Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

[3] Sec.16.2. Procedure; Notice of Liquidation.—

\* \* \* \* \* \* \*

(d) Upon the return of entries to the collector after the assessment of duties and internal revenue taxes has been verified by the comptroller, formal entries shall be immediately scheduled on a bulletin notice of liquidation, customs Form 4333. \*\*\*The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers and shall be dated with the date of posting. The entries for which the bulletin notice of liquidation has been posted shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. Such stamping shall be deemed the legal evidence of liquidation.

[4] Sec. 514. Protest Against Collector's Decisions.

\* \* \* all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, \* \* \* shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. \* \* \*

Here appellant urges that such action was erroneous and renews its contention that section 485 (d), *supra*, requires a reversal of the judgment.

The Government contends, *inter alia*, that neither appellant's request for additional posting of notice of liquidation nor the collector's refusal thereof can operate to revive the right of protest under section 514, *supra;* and that the collector's notices of liquidation were legally sufficient under the principle that notice to an agent is notice to the principal.

In support of its position, appellant argues that the language of section 485 (d) providing that the owner "shall possess all the rights of a consignee" entitles him to a posting of notice of liquidation in his own name, citing the case of *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205, C. A. D. 147. In that case this court held that inasmuch as the collector had incorrectly noted the name of the importer in the bulletin notice as the "Astringent Wood Furniture Co.," and the date of the entry also having been incorrectly stated, there had been no final legal liquidation. In distinguishing the facts present here from those in the *Astra Bentwood* case, *supra*, the court stated

* * * In the instant case, however, the Joseph Ullmann Brokerage Corp. was not the importer of the merchandise but the ultimate consignee and owner thereof. The brokerage house of W. J. Byrnes & Co. of New York, Inc., was the importer of record and the firm that tendered payment of the regular duties demanded upon entry. So far as the record discloses, there were no additional or increased duties involved in the liquidations of the entries. Therefore, section 485 (d), insofar as it provides that "A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise," etc., is not applicable. The regulations above set forth provide that the posting of the liquidation shall be for the "information of importers." It is conceded by plaintiff that W. J. Byrnes & Co. of New York, Inc., was the importer of record.

We have been unable to find in the record or in the brief of appellant any evidence or authority which could possibly justify a reversal of the above reasoning and conclusion. Clearly no additional or increased duties are involved here, thus consideration of whatever "rights" Congress intended for appellant to acquire under section 485 (d) is not necessary.

We find no error in the decision of the trial court and its judgment is hereby *affirmed*.